IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  CASE NUMBER: 3:14cr89/MCR

MICHAEL SEAN DAVIS
 a/k/a "Sean Davis"
_____/

PLEA AGREEMENT

1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Michael Sean Davis, a/k/a "Sean Davis," the Defendant, Jennifer Hart, as attorney for the Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

2. TERMS

The parties agree to the following terms:

a.  The Defendant will plead guilty to Counts One through Nine of the Indictment which charge the following: Count One – conspiracy to commit bank fraud and/or mail fraud affecting a financial institution, in violation of Title 18, United States

FILED IN OPEN COURT THIS
3/13/15
CLERK, U.S. DISTRICT
COURT, NORTH DIST. FLA.

1

Code, Sections 1341, 1344 and 1349; Count Two – conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956; Counts Three, Five, Eight, and Nine – false statement to a federally insured institution, in violation of Title 18, United States Code, Sections 1014 and 2; Counts Four and Six – fraudulently benefiting from a loan by a federally insured institution, in violation of Title 18, United States Code, Sections 1005 and 2; and, Count Seven – money laundering, in violation of Title 18, United States Code, Sections 1957 and 2.

For Counts One, Three through Six, Eight, and Nine, the Defendant faces up to thirty years imprisonment on each count, five years supervised release on each count, up to a $1,000,000 fine on each count, restitution on each count, forfeiture on each count, and a $100 special monetary assessment on each count. For Count Two, the Defendant faces up to twenty years imprisonment, three years supervised release, up to a $500,000 fine or twice the value of the property involved, restitution, forfeiture, and a $100 special monetary assessment. For Count Seven, the defendant faces up to ten years imprisonment, three years supervised release, up to a $250,000 fine, restitution, forfeiture, and a $100 special monetary assessment. The Defendant agrees to pay the $900 special monetary assessment on or before the date of sentencing.

If the Defendant is unable to pay the special assessment prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes the forfeiture of all forfeitable assets.

b.      That by voluntarily pleading guilty to the charges in the Indictment, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case.  These constitutional rights include:  the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.      The Defendant is pleading guilty because the Defendant is in fact guilty of the charges alleged in Counts One through Nine of the Indictment.  In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d.      Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled.  Defendant agrees that substantial evidence exists to support the charges.

e.      Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

f.      If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

g.  The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h.  Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

### 3. SENTENCING

a.  The Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.  The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a

sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

  c.  The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

The Defendant agrees to make full restitution to the victim(s) as determined by the Court. The victim(s) include, but are not limited to Bank of America, NA, Beach Community Bank, the FDIC as Receiver of Premier Community Bank of the Emerald Coast, the original mortgage lender(s) and any successor, assignee or investor that purchased/obtained the subject mortgage(s). The defendant agrees that the amount of restitution may include losses resulting from related conduct for which the defendant was not convicted, if the loss flowed directly from the relevant conduct of which the defendant was a part.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

                                                  PAMELA C. MARSH  
                                                  United States Attorney

_/s/ Jennifer Hart_  
JENNIFER HART  
Attorney for Defendant

_/s/ Michael Sean Davis_  
MICHAEL SEAN DAVIS  
Defendant

March 13, 2015  
Date

                                                  _/s/ Tiffany H. Eggers_  
                                                  TIFFANY H. EGGERS  
                                                  Florida Bar No. 0193968  
                                                  Assistant United States Attorney  
                                                  Northern District of Florida  
                                                  21 East Garden Street, Suite 400  
                                                  Pensacola, Florida 32502  
                                                  850-444-4000

                                                  3/13/15  
                                                  Date